**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JOSEPH ASHLINE, CDCR# BW-6808,<br>Plaintiff,<br>vs.<br>DR. JAMES KING,[1]<br>Defendant. | Case No.: 3:26-cv-3915-BJC-DDL<br>**ORDER:**<br>**(1) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1); AND**<br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**<br>**[ECF No. 2]** |

Plaintiff Richard Joseph Ashline ("Plaintiff") is a state inmate proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983, arising from events that occurred during his prior incarceration at the Richard J. Donovan Correctional Facility

[1] In the body of the Complaint, Plaintiff refers to Defendant as Dr. James King, which is how the Defendant is also identified on the docket, but the Court notes Plaintiff also refers to Defendant as Dr. King James on the face of the Complaint. (*Compare docket* and ECF No. 1 at 2–3 *with* ECF No. 1 at 1.)

("RJD") in San Diego, California. (ECF No. 1.) Plaintiff has also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (ECF No. 2.) As discussed below, because Plaintiff raised the same claim in a prior civil rights action, the Court dismisses this case as frivolous and denies Plaintiff's IFP motion as moot.

**I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a governmental entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(a), (b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he previously filed and litigated in this Court. *See Ashline v. Roberts*, S.D. Cal. Civil Case No. 3:25-cv-3243-AJB-KSC ("*Ashline I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

///

In *Ashline I*, Plaintiff claimed a denial of his right to medical care, alleging that in May 2025, while housed at RJD, Defendant Chief Medical Executive Roberts "denied my 602 requesting to have surgery done to [have] a hernia repaired sayin[g] do not have a hernia because it doesn't show up on the CT scan. I in fact have paperwork showing I do have a hernia in my lower ab[d]omen it has been caus[]ing me se[]ver[e] pain s[in]ce mid December until now mid October." *See Ashline I*, ECF No. 1 at 3. On January 16, 2026, Judge Battaglia screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), dismissed the Complaint for failure to state a claim and granted leave to amend on or before March 2, 2026, advising Plaintiff that failure to timely amend would result in dismissal for failure to state a claim and failure to prosecute. *Ashline I*, ECF No. 3 at 6–7 (citations omitted). Specifically, the Court instructed that: "If Plaintiff wishes to proceed with an Eighth Amendment deliberate indifference claim against Chief Medical Executive Roberts, he must set forth factual allegations which plausibly suggest 'a *purposeful* act or failure to respond' by Roberts in the face of Plaintiff's abdominal pain and must also allege 'harm caused by that indifference.'" *Id.* at 5–6 (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (emphasis added) and citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")). On April 3, 2026, the Court dismissed the action without prejudice both for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and for failure to prosecute, noting that "[t]o date, Plaintiff has not filed an amended complaint or otherwise contacted the Court." *See Ashline I*, ECF No. 4 at 2. That same day, the Clerk issued judgment in accordance with the Court's order and closed the case. *See Ashline I*, ECF No. 5.

Approximately three months later, on July 6, 2026, Plaintiff filed the instant Complaint, ECF No. 1, which was assigned to this Court as *Ashline v. King*, S.D. Cal. Civil Case No. 3:26-cv-3915-BJC-DDL ("*Ashline II*"). In this Complaint, Plaintiff now seeks to sue Defendant Dr. James King for violating his right to medical care, alleging that in

May 2025, Dr. King "to[ld] me that he was not going [sic] hernia defect repair surgery because I have no hernia because it didn[']t show up on the CT scan," but asserts: "I have paperwork from a[n] ultrasound saying that in fact I[] have a hernia defect in my stomach. It[']s causing me sev[e]re pain now for 18 months." *See Ashline II*, ECF No. 1 at 3.

As pleaded, the Court finds Plaintiff's claim in the instant case is duplicative of the claim previously alleged and dismissed in *Ashline I*. While the two complaints each name a different Defendant, both allege the same cause of action arising from a May 2025 denial of hernia surgery at RJD, and are both filed by the same Plaintiff. *Compare Ashline I*, S.D. Cal. Civil Case No. 3:25-cv-3243-AJB-KSC, ECF Nos. 1, 3, *with Ashline II*, S.D Cal. Civil Case No. 3:26-cv-3915-BJC-DDL, ECF No. 1. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). That Plaintiff presently brings the same factual allegations against a different defendant does not alter this conclusion, as "[a]n *in forma pauperis complaint* repeating the same factual allegations asserted in an earlier case, even if now filed against new defendant, is subject to dismissal as duplicative and frivolous." *Kroncke v. City of Phoenix*, 2014 WL 11342913, at *7 (D. Ariz. Mar. 16, 2014) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) and *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975)); *see also Hagos v. Smith*, 2023 WL 3741556, at * 2 (W.D. Wash. May 5, 2023) ("'Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative.'") (quoting *Goods v. Wasco State Prison*, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019) and collecting cases).

Because Plaintiff has already brought the same claim presented in the instant action, albeit against a different Defendant, in *Ashline I*, dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *Kroncke*, 2014 WL 11342913, at *7; *Bailey*, 846 F.2d at 1021; *Van Meter*, 518 F.2d at 368; *see also Adams v. Cal. Dep't of*

*Health Servs*., 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

**II. Conclusion and Order**

Good cause appearing, the Court:

(1) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) without leave to amend;[2]

(2) **DENIES** Plaintiff's motion for leave to proceed IFP [ECF No. 2] as moot;

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal in S.D. Cal. Civil Case No. 3:26-cv-03915-BJC-DDL and to close the file.

**IT IS SO ORDERED**.

Dated: September 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge

---

[2] Because Plaintiff's Complaint is frivolous, amendment would be futile and the Court thus declines to grant leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Hartmann v. California Dept. of Corrections and Rehabilitation*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") (citation omitted).